FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 4 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
DENNIS DENIRO,

              Petitioner,      MEMORANDUM AND ORDER
                                    07 CV 4689 (ILG)

-against-

UNITED STATES OF AMERICA,

              Respondent.
----------------------------------------x
GLASSER, United States District Judge:

On October 13, 2006, the petitioner pleaded guilty to conspiracy to obstruct commerce by robbery (18 U.S.C. § 1951(a) (Count One); to obstruct commerce by robbery (18 U.S.C. § 1951(a) (Count Two); and to use of a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). On June 14, 2007, he was sentenced to a term of 36 months on Counts One and Two to run concurrently and to a mandatory consecutive term of 84 months on Count Three. A special assessment of $300 and restitution in the sum of $153,000 was also imposed following a Fatico hearing.

At that hearing, sworn testimony was received from Bijan Elihu, the owner of B&R Trading Corp., a jewelry business, regarding his business relationship with Mr. Vlados, a victim of the robbery. He testified to the jewelry he provided to Tony and Elizabeth Vlados on memorandum and to the value of that jewelry. Received in evidence and marked as Government's Exhibits Fatico 1, 2 and 3 were copies of those memorandums listing the jewelry provided and their value.

Testimony was also received from FBI Agent Paul Tambrino regarding interviews he conducted of Mr. Vlados. Notes of those interviews describing the jewelry stolen at the robbery were received in evidence as Government's Exhibits Fatico 4, 5 and 6. Despite vigorous cross-examination, the evidence presented by the government was uncontradicted and the amount of restitution indicated was thus imposed upon Deniro jointly and severally with the three other defendants convicted of that robbery.

Acting *pro se*, Deniro filed this petition pursuant to 28 U.S.C. § 2255, dated October 30, 2007, alleging only that he was ineffectively assisted by retained counsel who failed to file a notice of appeal from that Fatico hearing although he requested counsel to do so.

In accordance with <u>Sparman v. Edwards</u>, 154 F.3d 51 (2d Cir. 1998), the Court by letter dated November 14, 2007, extended an invitation to counsel to be heard and to present evidence in the form of live testimony affidavits or briefs in reply to the assertedly ineffective assistance claim. In a letter dated November 21, 2007, counsel wrote that he was "prepared to refute the allegation by affidavit," but being on trial in a homicide case he requested an extension fo time to do so. His request was granted.

The petitioner in a letter response dated November 26, 2007 stated, among other things, that counsel's denial that a request o appeal was made was false. That his request was made in the presence of his girlfriend who would supply an affidavit to that effect if the Court required one. The Court did not require one and none has been supplied.

In that letter he also wrote that "... this court should take the less efficacious manner in deciding the motion in the absence of an evidentiary hearing which would cause needless expenditure of judicial resources. The Rules Governing Habeas Corpus cases provides that the district judge may employ a variety of measures in an effort to avoid the need for an evidentiary hearing." It is interesting to note that in the course of his letter the petitioner cites, albeit in another context, <u>Chang v. United States</u>, 250 F.3d 79 (2d Cir. 2001), which addressed the propriety of dispensing with a hearing.

Michael Marinaccio, Esq., petitioner's counsel, in response to the Court's invitation, submitted an affidavit in which he recounts the events leading up to the petitioner's sentence. He also recounts the sentencing hearing at which the Court determined the petitioner's adjusted offense level on Counts One and Two to be 26 resulting in a Guideline range of 63 to 78 months, but for reasons reflected in the record, the Court departed downward from the Guidelines and sentenced him on those counts concurrently to 36 months. He then goes on to aver under oath that:

15. Following the sentencing hearing, I had a conference with Mr. Deniro during which the subject of an appeal was discussed. At that time, I advised Mr. Deniro that since the Court, in effect, downwardly departed from the sentencing guidelines, even as calculated by the defendant, there was no viable issue upon which to raise an appeal. Mr. Deniro agreed. At no time did Mr. Deniro direct me to file a Notice of Appeal on his behalf.

16. On June 14, 2007, the Court summoned the parties for a continued sentencing hearing to correct an oversight during the June 12th hearing. At the June 14, 2007 hearing the Court added a term of supervised release to each count of the

3

conviction (three (3) years on Count One and Two and five (5) years concurrent on Count Three). All other sentencing conditions remained the same.

17. Following the June 14, 2007 sentencing hearing, I once again discussed the sentence with Mr. Deniro. At no time did Mr. Deniro direct me to file a Notice of Appeal on his behalf.

18. Following the defendant's sentencing, I had several contacts with him relating to his case. According to my file, I had contact with the defendant on or about June 13th, June 18th, July 9th, July 10th, July 12th, August 8th, August 21st, August 22nd, September 5th and October 3, 2007.

19. In general, these contact s concerned the issues of the defendant's bail. Requested extensions of his surrender date, and his designation and surrender to FCI Ashland, Kentucky. In addition, on July 9, 2007, I faxed Mr. Deniro a copy of the Judgment after discussing it with him.

20. At no time during these multiple contacts did Mr. Deniro ever indicate to me that he wished to pursue an appeal of his conviction nor inquired of me regarding the status of his appeal.

25. In any event, I did not, nor would I, deliberately ignore a request by Mr. Deniro to file a Notice of Appeal on his behalf, since no such request was made by him.

## Discussion

This claim for relief is bottomed only upon ineffective assistance of counsel in failing to file a notice of appeal from this Court's determination of the amount of restitution for which the defendant was responsible, jointly and severally, with three others.

To succeed on a claim of ineffective assistance of counsel, the petitioner must establish that counsel's performance fell below objectively reasonable standards of representation and that the failure of counsel to meet that standard resulted in prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). Some 16 years later, the Court decided that "<u>assuming</u> those allegations are true . . . when counsel's deficient performance deprives a defendant of an appeal he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim . . . ." and will be entitled to an out of time appeal if he can "demonstrate that there is a reasonable probability that, but for counsel's unreasonable [representation] he would have timely appealed." Roe v. Flores-Ortega, 528 U.S. 470, 483-84 (2000), *cert. Denied*, 547 U.S. 112 (2000) (emphasis added).

I am not unmindful of the implied approval of the Court in Chang manifested by its citation to Gallego v. United States, 174 F.3d 1196, 1198-99 (11th Cir. 1999), which refused to adopt the views of the Seventh Circuit in Underwood v. Clark, 939 F.2d 473, 474 (7th Cir. 1991), and the First Circuit in Sicilliano v. Vose, 834 F.2d 29, 31 (1st Cir. 1987), "that would find counsel more credible than the defendant when all that is before the court is one's testimony against the other's" and holding instead that "the fact that defendant's testimony is uncorroborated, is snot enough standing alone to support a credibility finding that would render an evidentiary hearing unnecessary." 250 F.3d at 85. I am also not unmindful, however, that the court in Chang also observed that "The Supreme Court has held that, although a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in a district court for a

5

full hearing if the record does not conclusively and expressly belie his claim no matter how vague, conclusory or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense." 250 F.3d at 85.

The observation of the Court in Roe that a failure to file a notice of appeal "cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task and the failure to file reflects inattention to the defendant's wishes," 528 U.S. at 477 is usually true for an appeal that can help, one where the defendant can gain. See Nunez v. United States, 495 F.3d 544, 547-48 (7th Cir. 2007). Given his sentence which downwardly departed from the advisory Guidelines, and given the credible and uncontradicted evidence regarding the loss sustained by the victims of the robbery and upon which the order of restitution was compelled, there was plainly no valid basis for an appeal by which the petitioner could have been helped. In that light, the petitioner would be hard put to demonstrate "that there is a reasonable probability that but for counsel's unreasonable [representation] he could have timely appealed."

It is of more than passing significance to note counsel's affirmation, under oath, that on nine separate occasions spanning a period of approximately four months, he met with the petitioner, which belies inattentiveness, and not once during those visits did the petitioner inquire about the status of his appeal.

Upon the entire record before me, and in the exercise of discretion which Chang teaches that I have, and in the interest of avoiding "the delay, t he needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims" 260 F.3d at 86, I

direct that this petition be dismissed.  See also Todd v. United States, 165 Fed. App. 99 (2d Cir. 2006), Reyes v. United States, 2007 WL 2973591 (E.D.N.Y. 2007); Jang v. United States, 2004 WL 470031 (E.D.N.Y. 2004); United States v. Nesbitt, 2007 WL 2122138 (D.Vt. 2007); Martin v. United States. 395 F. Supp.2d 326 (D.S.C. 2005) .

SO ORDERED.

Dated:	Brooklyn, New York
	March 3, 2008

I. Leo Glasser